UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                         :

In re AMR CORPORATION, et al.,              :
                                                                           :          12 Civ. 8180 (PAE)
                                         Debtors.          :
-----------------------------------------------------------------------:          OPINION AND ORDER
AERITAS, LLC,                                           :
                                                                           :
                                                         Plaintiff,      :
                                                                           :
                        -v-                                        :
                                                                           :
AMR CORPORATION,                     :
                                                                           :
                                                      Defendant.     :
                                                                           :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Aeritas, LLC ("Aeritas") brings this motion under 28 U.S.C. § 157(d) to withdraw this Court's reference to the United States Bankruptcy Court for the Southern District of New York of Aeritas's claims of patent infringement against debtors AMR Corporation and certain of AMR's direct and indirect subsidiaries and affiliates (collectively, "AMR"). Aeritas also moves, under 28 U.S.C. § 1404(a), to transfer venue over those claims to the United States District Court for the District of Delaware, where Aeritas is pursuing what it asserts are parallel claims of patent infringement against other airline companies.

      For the reasons that follow, Aeritas's motions are denied, as the Court stated that they would be following oral argument on March 8, 2013.

**I.    Facts**[1]

Aeritas, a Texas limited liability company, is the owner of two patents that describe and claim methods and systems for facilitating wireless e-commerce transactions: U.S. Patent No. 7,933,589 (the "'589 Patent") and U.S. Patent No. 7,209,903 (the "'903 Patent"). *See* Eagel Decl. Exs. 1A, 1B.  On October 13, 2011, Aeritas filed suit in the United States District Court for the District of Delaware against three airlines—Continental Airlines, Inc. ("Continental"), *see id.* Ex. 5; Delta Airlines, Inc. ("Delta"), *see id.* Ex. 6; and United Airlines, Inc. ("United"), *see id.* Ex. 7—alleging that the mobile boarding pass and mobile check-in devices used by those airlines infringed Aeritas's patents.  On December 21 and December 27, 2011, Aeritas filed two similar additional suits in the same district: against U.S. Airways Group, Inc. and U.S. Airways, Inc. ("U.S. Airways"), *see id.* Ex. 8, and Alaska Air Group, Inc. ("Alaska Air"), *see id.* Ex. 4.

This controversy arises out of the bankruptcy proceedings of another airline, AMR Corporation, one of the largest global airlines based in the United States.  AMR commenced its bankruptcy proceedings on November 29, 2011, during the interval between the two sets of Aeritas lawsuits described above.  Aeritas Br. 2; Debtors' Objection 1, 3; UCC Br. 3.  That day, AMR and its affiliates (collectively, the "Debtors"), which include among them American Airlines, Inc. ("American") and American Eagle Airlines, Inc. ("American Eagle"), filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.  Aeritas

---

[1] The facts related herein are drawn from the parties' submissions in support of and in opposition to the instant motion, including: Aeritas, LLC's Memorandum of Law in Support of the Motion to Withdraw the Reference and Transfer Venue ("Aeritas Br."), Dkt. 1 Ex. 10; the Declaration of Lawrence P. Eagel in Support of Aeritas, LLC's Motion to Withdraw the Reference and Transfer Venue ("Eagel Decl."), Dkt. 1 Ex.1, and accompanying exhibits; the Debtors' Objection to Aeritas, LLC's Motion to Withdraw the Reference and Transfer Venue ("Debtors' Objection"), Dkt. 6; the Memorandum of Law of the Official Committee of Unsecured Creditors in Opposition to Aeritas, LLC's Motion to Withdraw the Reference and Transfer Venue ("UCC Br."), Dkt. 8; and Aeritas, LLC's Reply Memorandum in Support of its Motion to Withdraw the Reference and Transfer Venue ("Aeritas Reply Br."), Dkt. 10.

Br. 2; UCC Br. 3.  The same day, the United States Bankruptcy Court for the Southern District of New York signed an Order directing joint administration of the Debtors' cases under Case No. 11-15463 (SHL).  Aeritas Br. 2.  The Debtors are currently operating their businesses as debtors in possession under Sections 1107 and 1108 of the Bankruptcy Code.  Aeritas Br. 2; UCC Br. 3

On July 12, 2012, and July 16, 2012, some eight months after the Debtors' bankruptcy proceedings commenced, Aeritas filed proofs of claim against Debtors American; American Eagle; AMR Corporation; AMR Eagle Holding Corporation; Executive Airlines, Inc.; Business Express Airlines, Inc.; and Reno Air, Inc.  *See* Aeritas Br. 1; Debtors' Objection 3.  These were based on the Debtors' alleged infringement of Aeritas's '589 and '903 Patents.  Aeritas asserted a general unsecured claim for $7.1 million plus interest and additional unliquidated amounts.  To date, the Debtors have not objected to these proofs of claim.  Aeritas Br. 1.  At argument, AMR's counsel explained that the bankruptcy proceeding entails approximately 13,000 proofs of claim, which Debtors are in the process of reviewing and to which they are responding.  Transcript of Argument of March 8, 2013 ("Tr.") at 18.

In a separate action relevant here, on August 23, 2012, Aeritas filed an Administrative Expense Motion with the Bankruptcy Court.  There, it sought allowance of an administrative claim for at least $17 million, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.  Eagel Decl. Ex. 1.  The Administrative Expense Motion was based on what Aeritas alleged to be the Debtors' continuing, "post-petition" infringement of Aeritas's Patents.  *Id.*  The substance of the patent infringement claim was, however, identical to that alleged in the proofs of claim that Aeritas had filed.

On October 2, 2012, the Debtors objected to the "validity, priority, and allowance" of Aeritas's Administrative Claim.  Eagel Decl. Ex. 2.  In their Objection, the Debtors argued that

3

Aeritas could not prove that its claim was an "actual and necessary" expense of preserving the Debtors' estates, as required by Section 503(b)(1)(A), and that Aeritas had not proven—and could not prove—that the Debtors were liable for infringing on its Patents. *Id.* ¶ 2.

On October 23, 2012, in response to Debtors' objection, Aeritas filed the instant motion. The motion seeks to withdraw from the Bankruptcy Court all proceedings arising from the Proofs of Claim and Administrative Claim that are related to the validity and applicability of Aeritas's pre- and post-petition patent infringement claims, and to the amount of damages payable to Aeritas as a result of the alleged infringement. The motion also seeks transfer of venue of those proceedings to the United States District Court for the District of Delaware, where Aeritas's five similar patent infringement suits are currently pending.

## II. Procedural History

On October 23, 2012, Aeritas filed a memorandum of law in support of its motion to withdraw the reference and to transfer venue. Dkt. 1. On November 23, 2012, the Debtors filed their objection to Aeritas's motion to withdraw the reference and transfer venue. Dkt. 6. On November 26, 2012, the Official Committee of Unsecured Creditors ("UCC") filed their memorandum of law in opposition to Aeritas's motion. Dkt. 8. On December 17, 2012, Aeritas filed its reply. Dkt. 10.

On March 8, 2013, the Court heard argument on this motion. *See* Dkt. 13. At the end of the argument, the Court indicated that it would deny Aeritas's motion to withdraw the reference.

## III. Discussion

### A. Aeritas's Motion Is Untimely

A motion to withdraw the reference is premature at this stage of the proceedings. Section 157(d) provides:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). Aeritas argues that its motion to withdraw the bankruptcy reference is appropriate at this stage, both under § 157(d)'s latter, mandatory-withdrawal prong and the former, permissive-withdrawal prong. The Court disagrees. Whether or not a motion by Aeritas to withdraw the reference and to transfer venue to the District of Delaware for consolidation with the patent cases pending there might be warranted at some future point, Aeritas's motion at this stage is, clearly, premature. Aeritas's motion is, therefore, denied, without prejudice to its right later to seek such relief.

Importantly, insofar as Aeritas's motion relates to its proofs of claim, the Debtors have not yet responded to those proofs of claim, as Aeritas acknowledges. Aeritas Br. 14. Pending such a response, it is premature to consider withdrawal of the reference. Aeritas responds by noting that, in their objection to Aeritas's administrative expense motion, Debtors have asserted, *inter alia*, that Aeritas's patent rights may be invalid and/or inapplicable. It follows, Aeritas argues, that its proofs of claim are, or are destined to become, a "contested matter," such that its motion to withdraw the reference is timely. *Id.*; *see also* Aeritas Reply Br. 8. Aeritas cites for this proposition *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992) ("TransAmerican's objection to Toma's administrative expense claim gave rise to a 'contested matter' governed by Bankruptcy Rule 9014."). Aeritas further argues that its duty to seek withdrawal "at the first reasonable opportunity as evaluated within the specific factual context

5

presented," *In re Chateaugay Corp.*, 104 B.R. 622, 624 (S.D.N.Y. 1989), requires a motion for withdrawal now, because "[d]ebtors' objection to the motion for administrative expenses put Aeritas on reasonable notice that Debtors would object to the proofs of claim," Aeritas Reply Br. 8.

The Debtors and the UCC, however, argue that Aeritas's motion is premature, because there is not yet a contested matter. *See* Debtors' Objection 2, 5; UCC Br. 5–6. "[T]he mere filing of a proof of claim does not create either a contested matter or an adversary proceeding; rather, a contested matter arises when the debtor objects to the proof of claim. . . . Here, no party has yet objected to the Aeritas proofs of claim, so there is no 'proceeding' to withdraw." UCC Br. 5 (citation omitted).

The Debtors and the UCC are correct. The absence of an objection to Aeritas's proofs of claim renders its motion to withdraw the reference premature. To withdraw a bankruptcy reference, there must "be a proceeding—a contested matter between a debtor and a creditor—in the bankruptcy court to be withdrawn." *In re Nibsco Supply, Inc.*, Nos. 96–CV–0741E(SC), 96–BK–13068B, 96–CV–0742E(SC), 96–BK–13069B, 1997 WL 311458, at *1 (W.D.N.Y. June 5, 1997). "Unless objected to, a claim which is the subject of a properly filed proof of claim is deemed allowed. Should the debtor or any other party in interest file an objection to a claim, a contested matter is initiated, or if the debtor includes with the objection a counterclaim, an adversary proceeding is commenced." *In re Chateaugay*, 104 B.R. at 625; *see also In re Fairchild*, 969 F.2d 866, 868 (10th Cir. 1992) ("The filing of the proof of claim does not initiate either an adversary proceeding or a contested matter. Rather, when an objection to a proof of claim is filed, the objection initiates a contested matter. Thus, by filing his objection to the proof of claim, debtor initiated a contested matter." (citations omitted)).

Aeritas attempts to avoid these principles by noting that Debtors have objected to its administrative expense claim based on a parallel claim of patent infringement. That argument falls short. Allowing Debtors' objections to the administrative expense claim to substitute for objections to Aeritas's proofs of claim would impermissibly conflate the two distinct types of claims. An administrative expense claim allows payments for actual and necessary costs of preserving the assets of a debtor's estate; such a claim can only be made with regard to post-petition conduct. The proofs of claim that Aeritas has filed relate to AMR's conduct *prior* to its petition—precisely the behavior for which litigation is subject to an automatic stay upon a party's filing for bankruptcy. *See* 11 U.S.C. § 362(a)(1) (providing for an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title"). Permitting Aeritas to use an administrative expense motion as leverage to remove its proofs of claim from the purview of the Bankruptcy Court would undermine the goals of the automatic stay provision and the bankruptcy process as a whole. As the UCC observes, the "automatic stay is key to the collective and preservative nature of a bankruptcy proceeding." UCC Br. 6 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 113 B.R. 830, 837 (Bankr. S.D.N.Y. 1990)).

It is, finally, important to note that Aeritas's suggestion that systemic efficiency would be served by relocating its patent infringement claims from Bankruptcy Court in this District to, ultimately, the District of Delaware, where they might be consolidated with Aeritas's lawsuits against other carriers for patent infringement, turns on assumptions about the paths that each litigation may take that, as of now, are quite speculative. The litigation with regard to AMR's

7

alleged infringement of Aeritas's patents is at a nascent stage.  Aeritas has done nothing more than file proofs of claim and the parallel administrative expense motion.  The Court is not in a position to assess at this point the extent to which the litigation that may one day arise out of these proofs of claim will resemble or be efficiently consolidated with Aeritas's patent claims against others.  This case thus supplies an example of the wisdom of this Circuit's general preference not to withdraw the bankruptcy reference in preliminary stages of litigation:  "District courts are generally unreceptive to motions to withdraw references where the underlying action is in its preliminary stages and is closely related to proceedings already pending before the bankruptcy court. . . . Whether or not this action is core or non-core, the bankruptcy court may adjudicate pre-trial or managerial matters even if the case later is transferred to the district court."  *In re Fairfield Sentry*, No. 10 Civ. 7340 (LAP), 2010 WL 4910119, at *3 (S.D.N.Y. Nov. 22, 2010) (collecting cases).  Where, as here, objections have not yet even been filed, nor has the administrative expense motion been defended by Aeritas before the Bankruptcy Court, this consideration squarely favors declining to withdraw the reference at this stage.

### B. A Motion to Lift the Stay Would Be the Appropriate Procedure At this Stage

Furthermore, the remedy that Aeritas has chosen to pursue is the wrong one for the problem it has identified.  Aeritas argues that "a person who is injured by a post-petition debtor's patent infringement need not sit back while the bankruptcy proceedings play out, possibly over the course of years."  Aeritas Reply Br. 1.  At that level of generality, Aeritas is not wrong.  But the remedy available to address such a situation is a motion to lift the stay—a motion that must be made, in the first instance, before the Bankruptcy Court.  Aeritas concedes that it has not

brought such a motion, and acknowledges, implicitly, that it made a conscious election not to do so.[2]

Importantly, Aeritas's claims involve conduct that, as it concedes, began pre-petition and continued post-petition. To litigate such a claim, Aeritas would need to obtain relief from the automatic stay. *See In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 976–77 (N.D. Ill. 1992) ("[T]he continuation during the bankruptcy of conduct . . . begun beforehand is most certainly one in which an action 'was or could have been commenced before the commencement of the case under this title.'" (citation omitted)); *In re Spansion, Inc.*, 418 B.R. 84, 91–92 (Bankr. D. Del. 2009) ("The patent infringement claims . . . could have been . . . asserted prepetition. Thus, those claims are stayed under § 362(a)(1). . . . [T]he continuous nature of a patent infringement tort does not override a paramount function of the bankruptcy court: to serve as the clearinghouse for attempted enforcement of prepetition claims or continuation of prepetition litigation against the debtor." (citation omitted)); *Nike, Inc. v. Nat'l Shoes, Inc.*, 18 B.R. 507, 509 (Bankr. D. Me. 1982) ("Bifurcating [the plaintiff's] claim does not change the fact that its claim is one which arose before the commencement of the Defendant's Chapter 11 case and that this proceeding could have been commenced before the commencement of the Defendant's Chapter 11 case."). And the standards for a motion to lift the automatic stay are flexible enough to permit the Bankruptcy Court to take account of the practical concerns Aeritas has expressed. A number of the twelve factors considered on such a motion pick up arguments Aeritas has made here. *See In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (considering, *inter alia*, among relevant factors, the "lack of any connection with or

---

[2] At argument, when asked why Aeritas did not make such a motion, counsel for Aeritas responded: "[C]ertainly that is an alternative that we could have followed . . . . [W]e can . . . move to lift the stay. . . . That is one way of doing it." Tr. 43.

interference with the bankruptcy case; . . . whether litigation in another forum would prejudice the interests of other creditors; . . . the interests of judicial economy and the expeditious and economical resolution of litigation; whether the parties are ready for trial in the other proceeding; and impact of the stay on the parties and the balance of harms"). Should Aeritas continue to believe that its rights and interests are being injured by locating its patent-infringement claims against Debtors in the Bankruptcy Court, it is at liberty to try to persuade the Bankruptcy Court that the *Sonnax* standard is met, justifying lifting the stay. Aeritas has not done so yet, and it is right, in the first instance, for the Bankruptcy Court to be the tribunal to consider any such application.

## CONCLUSION

For the foregoing reasons, Aeritas's motion to withdraw the bankruptcy reference with respect to its claims of patent infringement against AMR Corporation, and to transfer venue to the United States District Court for the District of Delaware, is denied, without prejudice to Aeritas's right to seek such relief at a later date. The Clerk of Court is directed to terminate the motion pending at docket number 1, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 21, 2013
      New York, New York